**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4922-15T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SHANNON FIELD,

     Defendant-Appellant.

_____

Submitted October 18, 2017 — Decided November 13, 2017

Before Judges Alvarez and Geiger.

On Appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 13-04-00205.

Joseph E. Krakora, Public Defender, attorney for appellant (Cody T. Mason, Assistant Deputy Public Defender, of counsel and on the brief).

Christopher S. Porrino, Attorney General, attorney for respondent (Sara M. Quigley, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Shannon Field appeals from his conviction and sentence for second-degree possession of a weapon during a drug offense, N.J.S.A. 2C:39-4.1, and third-degree possession with

intent to distribute marijuana, <u>N.J.S.A.</u> 2C:35-5(a)(1) and -5(b)(11). We affirm his convictions, vacate his sentence in part, and remand.

I.

The following facts are largely taken from the suppression motion hearing testimony of Bridgewater Township Police Department Officers Anthony DiGraziano and Kevin Florczak. No other witnesses testified.

On March 20, 2013, at approximately 7:00 p.m., anti-crime team undercover officers DiGraziano and Florczak were parked in an unmarked police vehicle in the parking lot of the Days Inn on Route 22 in Bridgewater. The officers were working an anti-crime detail to investigate drug trafficking and distribution in response to recent violent crimes at the hotel. They observed a Ford Taurus park in a designated "No Parking Fire Zone" at the rear of the hotel complex. The officers pulled their unmarked vehicle behind the Taurus, exited, and approached the Taurus. Officer Florczak walked to the driver's side and Officer DiGraziano went to the passenger's side.

While investigating why the three passengers of the Taurus were illegally parked in the fire zone, a black Mazda pulled up and parked within five feet of the driver's side of the Taurus. According to Officer DiGraziano, the driver of the Mazda was

staring at the officers and the Taurus. Because they were investigating the occupants of the Taurus for possible drug activity, the close proximity of the Mazda made the officers nervous and uncomfortable. As a result, Officer DiGraziano identified himself as a police officer to the driver of the Mazda, later identified as defendant, and gestured with his hand to leave the area. Officer DiGraziano also yelled at defendant that there was a police investigation and he should leave.

When defendant failed to leave the area, Officer DiGraziano approached the Mazda, knocked on the passenger-side window, held up his police badge, and again told defendant to leave the area. As soon as defendant rolled the window down, Officer DiGraziano detected the odor of raw, unburnt marijuana coming from inside the vehicle. Officer DiGraziano told defendant to put his car in park. After getting Officer Forczak's attention, both officers approached the driver's side of the Mazda.

When Officer DiGraziano told defendant he smelled raw marijuana, defendant said he had smoked marijuana before coming to the Days Inn. When Officer DiGraziano told him he smelled raw, unburnt marijuana, defendant retrieved and handed him a bag of green vegetation from his pants pocket, which later field-tested positive for marijuana. The bag was secured in the police vehicle and backup was requested to help handle the Mazda. Once backup

3                                           A-4922-15T4

arrived, Officers DiGraziano and Florczak finished their investigation and search of the Taurus, ultimately releasing that car.

After defendant exited the vehicle, Officer Florczak walked around the Mazda and smelled a strong, overpowering odor of raw marijuana coming from inside the vehicle. He also observed a bag on the rear seat. Officer Florczak asked defendant whose vehicle he was driving and what he was doing there. Defendant responded that it was a rental car, rented by a friend he could not identify, and that he was visiting his girlfriend who was visiting her cousin at the Days Inn.

Defendant was arrested for possession of marijuana under fifty grams for the marijuana he had voluntarily turned over. A search incident to arrest revealed $995 in cash in his front pockets. When the officers asked defendant for consent to search his vehicle, he refused. The officers then called for a drug sniffing canine to perform an exterior sniff of the Mazda. Although the testimony of the officers did not include describing the canine's examination of the results thereof, the trial court made the following findings:

> A K-9 unit was requested to perform an exterior sniff of the Defendant's vehicle for narcotics and Captain Tim Pino arrived on scene with K-9 Dano. Dano indicated a

positive hit for narcotics on the rear hatch
of the vehicle and passenger side front door.

The vehicle was then impounded while the officers applied for a search warrant. According to the motion judge, the search warrant application was based upon both the facts outlined above and defendant's criminal history, which includes distribution of narcotics and vehicles that contain hidden compartments.[1]

A search warrant was obtained and executed the next day. The search of the vehicle revealed a 9mm handgun, hollow-nose bullets, a high capacity seventeen-round magazine, two sandwich-sized bags of marijuana, two gallon-sized bags of marijuana, and several hypodermic syringes.

Defendant was indicted for second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (count one); second-degree possession of a firearm during a drug offense, N.J.S.A. 2C:39-4.1 (count two); third-degree possession with intent to distribute marijuana, N.J.S.A. 2C:35-5(a)(1) and -5(b)(11) (count three); fourth-degree possession of a large capacity magazine, N.J.S.A. 2C:39-3(j); and fourth-degree possession of hollow-nose bullets, N.J.S.A. 2C:39-3(f).

---

[1] The record on appeal does not include a copy of the search warrant affidavit.

Defendant moved to suppress the evidence seized from his car. The trial court conducted a testimonial suppression hearing and issued a seventeen-page written opinion and order denying defendant's suppression motion. The judge found that the officers had a reasonable suspicion that defendant was engaging in criminal activity when they smelled the unburnt marijuana. She further found that the brief detention that followed to further question defendant was lawful. The judge also found that the officers had probable cause to arrest defendant for possession of marijuana when he, without being asked to, turned over the baggie of marijuana. The judge concluded the police were then permitted to conduct a search incident to arrest and seize the currency.

The judge also found that the search of defendant's car was authorized by a valid search warrant based on adequate probable cause including plain smell, visual observations, defendant's prior history, and the canine hit on the vehicle.

Following the denial of his suppression motion, defendant entered into a plea agreement. Defendant pled guilty to counts two and three in exchange for a recommended sentence of a five-year prison term, subject to a three-year period of parole ineligibility on count two, to run consecutive to a flat three-year prison term on count three. The parole ineligibility period was mandated by the Graves Act, N.J.S.A. 2C:43-6. The sentences

were to run consecutively pursuant to <u>N.J.S.A.</u> 2C:39-4.1(d). The plea agreement also provided for the dismissal of counts one, four, and five, two disorderly persons offenses, and a motor vehicle offense.

A different judge conducted the sentencing hearing on May 13, 2016. Defense counsel requested that defendant be granted a six-month delay in reporting date to commence serving his prison term to allow defendant to undergo ongoing surgical treatment for severe diabetic retinopathy in both eyes. According to a letter from his treating physician, defendant was scheduled to undergo retinal surgery on his right eye on May 18, 2016.

The sentencing judge found the following aggravating factors applied: three, the risk that defendant would commit another offense, <u>N.J.S.A.</u> 2C:44-1(a)(3); seven, that defendant committed the offenses for pecuniary gain, <u>N.J.S.A.</u> 2C:44-1(a)(7); and nine, the need to deter defendant and others from violating the law, <u>N.J.S.A.</u> 2C:44-1(a)(9). Finding no mitigating factors, the judge concluded that the aggravating factors outweighed the non-existent mitigating factors.

Without expressing any reason for deviating from the recommended sentence, the sentencing judge imposed two concurrent five-year sentences, with each being subject to a three-year period of parole ineligibility. Appropriate fines and penalties were

also imposed.  Counts one, four, and five, two disorderly persons offenses, and one motor vehicle offense were dismissed.  The trial court declined to postpone defendant's reporting date and remanded him to the jail to begin serving his sentence.

Defendant raises the following points on appeal:

POINT I

THE MOTION TO SUPPRESS SHOULD HAVE BEEN GRANTED BECAUSE THE OFFICERS DID NOT HAVE REASONABLE SUSPICION WHEN THEY INITIALLY STOPPED FIELD IN THE HOTEL PARKING LOT.

POINT II

THE MOTION TO SUPPRESS SHOULD HAVE BEEN GRANTED BECAUSE THE OFFICERS DID NOT HAVE A LEGAL BASIS TO FURTHER DETAIN OR ARREST FIELD WITHOUT ATTEMPTING TO DETERMINE WHETHER HIS POSSESSION OF MARIJUANA WAS IN FACT ILLEGAL. (Not Raised Below).

POINT III

IF THE CONVICTIONS ARE NOT REVERSED, THE MATTER SHOULD BE REMANDED FOR RESENTENCING BECAUSE THE COURT BASED THE SENTENCES ON UNSUPPORTED AND UNEXPLAINED SENTENCING FACTORS, FAILED TO RECOGNIZE ITS ABILITY TO SEEK A LOWER SENTENCE, AND IMPOSED AN ILLEGAL PERIOD OF PAROLE INELIGIBILITY.

A.   The Sentencing Court Did Not Explain the Basis for Its Unsupported Aggravating Factor Findings and Failed to Find Clear Mitigating Factors, Thereby Requiring a Remand for Resentencing on Count Three and Consideration of Whether to Downgrade Count Two to a Third-Degree Offense. [Not Raised Below In Part].

A-4922-15T4

B. The Interests of Justice Require a Remand to Allow Field to Seek a Sentencing Waiver on the Count Two Mandatory Minimum in Light of the Sentencing Court's Apparent Desire to Impose a Lower Sentence, the Prosecutor's Violation of Binding Guidelines, and Field's Lack of Criminal History and Serious Health Problems. [Not Raised Below].

C. The Sentencing Court Imposed an Illegally Long Period of Parole Ineligibility on Count Three.

## II.

Defendant argues that the police officers did not have a reasonably articulable suspicion to warrant a field inquiry. He further argues that the officers lacked a valid basis to conduct a subsequent brief investigatory detention. We disagree.

Officer DiGraziano was not effecting a "stop" of defendant when he approached defendant's vehicle to tell him to leave the scene of an active police investigation of different individuals in a different car. Defendant had already parked his vehicle in a no parking fire zone only five feet from the Taurus that was the subject of the investigation. Telling defendant to leave the area was not a stop, field inquiry, or investigatory detention. Therefore, the officers were not required to have a reasonably articulable suspicion that defendant was committing an offense at that point.

Despite being directed to leave the area, defendant did not drive away. Officer DiGraziano acted reasonably in walking over to defendant's vehicle to direct defendant for the second time to leave the area. By doing so, the officers were not attempting to detain defendant in any way. On the contrary, they were trying to do the exact opposite — to get defendant to leave the area because they were concerned by his close proximity to the vehicle and individuals they were investigating. Police officers have the authority to control the scene of an investigation and stop others from interfering or obstructing that investigation. See State v. Sloane, 193 N.J. 423, 430 (2008). The officers had not yet subjected defendant to a field inquiry, investigative detention, or arrest for Fourth Amendment purposes.

Defendant's reliance on our Supreme Court's recent opinion in State v. Rosario, 229 N.J. 263 (2017), is misplaced. The facts in Rosario are clearly distinguishable. Rosario involved "a person sitting in a lawfully parked car outside her home who suddenly finds herself blocked in by a patrol car that shines a flood light into the vehicle, only to have the officer exit his marked car and approach the driver's side of the vehicle." Id. at 273. The Court concluded that the defendant "would not reasonably feel free to leave." Ibid. The Court explained that "such police activity reasonably would, and should, prompt a person to think that she

must stay put and submit to whatever interaction with the police officer was about to come." Ibid. Here, the facts are the polar opposite to those in Rosario. Defendant injected himself into the investigation when he arrived at the scene, parked illegally in a fire zone, and did not leave when gestured and told to do so by Officer DiGraziano.

Once Officer DiGraziano smelled the odor of raw, unburnt marijuana emanating from defendant's vehicle, he had a reasonably articulable suspicion that defendant was committing an offense, providing a valid basis to conduct a field inquiry and brief investigatory detention. When defendant admitted he had recently smoked marijuana and voluntarily turned over a baggie of suspected marijuana, the officers had probable cause to arrest defendant.

Upon defendant's arrest, the officers were permitted to conduct a search incident to arrest in order to protect themselves and to insure that evidence is not destroyed. State v. Sims, 75 N.J. 337, 352 (1978) (citing Chimel v. California, 395 U.S. 752, 762-63, 89 S. Ct. 2034, 2040, 23 L. Ed. 2d 685, 694, reh'g denied, 396 U.S. 869, 90 S. Ct. 36, 74 L. Ed. 2d 124 (1969); State v. Gray, 59 N.J. 563, 569 (1971)). Any evidence, contraband or weapon found during the search incident to arrest is properly seized. See New York v. Belton, 453 U.S. 454, 461, 101 S. Ct. 2860, 2864, 69 L. Ed. 2d 768, 775-76 (1981); State v. Mai, 202 N.J. 12, 26

(2010); <u>State v. Jefferson</u>, 413 <u>N.J. Super.</u> 344, 359 (App. Div. 2010) (finding that cocaine discovered during warrantless search incident to arrest admissible at trial).

These facts coupled with the strong, overpowering odor of raw, unburnt marijuana gave the officers a valid, objectively reasonable basis to impound the vehicle and probable cause to obtain a search warrant to search it. The law is well-settled that "the smell of marijuana itself constitutes probable cause that a criminal offense ha[s] been committed and that additional contraband might be present." <u>State v. Myers</u>, 442 <u>N.J. Super.</u> 287, 295 (App. Div. (2015) (citations omitted), <u>certif. denied</u>, 224 <u>N.J.</u> 123 (2016). Here, "the overwhelming smell of marijuana emanating from the automobile gave the officer probable cause to believe that it contained contraband." <u>State v. Pena-Flores</u>, 198 <u>N.J.</u> 6, 30 (2009) (citing <u>State v. Nishina</u>, 175 <u>N.J.</u> 502, 515-16 (2003)), overruled by <u>State v. Witt</u>, 223 <u>N.J.</u> 409 (2015) (revising automobile exception to search warrant requirements).

"A search based on a properly obtained warrant is presumed valid." <u>State v. Sullivan</u>, 169 <u>N.J.</u> 204, 211 (2001) (citing <u>State v. Valencia</u>, 93 <u>N.J.</u> 126, 133 (1983)). Defendant has not demonstrated that there was no probable cause supporting the issuance of the warrant or that the search of the vehicle was otherwise unreasonable. Therefore, we discern no basis to declare

the warrant invalid.  See State v. Marshall, 123 N.J. 1, 72 (1991), cert. denied, 507 U.S. 929, 113 S. Ct. 1306, 122 L. Ed. 2d 694 (1993).

The search of the vehicle revealed a 9mm handgun with hollow-nose bullets and a high-capacity magazine, as well as over one pound of marijuana and several hypodermic syringes.  The weapons, drugs, and paraphernalia were lawfully seized.

Defendant's reliance on the New Jersey Compassionate Use Medical Marijuana Act (CUMMA), N.J.S.A. 24:6I-1 to —16, is also misplaced.  CUMMA affords an affirmative defense to patients who are properly registered under the statute and are subsequently arrested and charged with possession of marijuana.  See N.J.S.A. 2C:35-18(a).  The burden is on the defendant to prove the affirmative defense by a preponderance of the evidence.  Ibid. The State is under no obligation to negate an exemption under CUMMA or N.J.S.A. 2C:35-18(a).  Ibid.  CUMMA does not alter the established search and seizure law of this State and does not apply in this matter.

Defendant was not, and is not, a registered qualifying patient under CUMMA.  Therefore, he was not authorized to possess marijuana.  "We stress that this is not a situation where a person suspected of possessing or using marijuana has proffered to a law enforcement officer a registry identification card or other

evidence that the person is a registered qualifying patient under CUMMA." Myers, supra, 442 N.J. Super. at 303.

Defendant's argument that marijuana is no longer per se contraband due to the passage of CUMMA is meritless. "[T]he possession, consumption, and sale of marijuana remains illegal except in the instance of a registered qualifying patient who obtains medical marijuana from one of the limited number of [medical marijuana alternative treatment centers]." Id. at 302.

Possession of a registry identification card under CUMMA "is an affirmative defense, not an element of the offense." Ibid. (citing N.J.S.A. 2C:35-18(a)). Therefore, "absent evidence the person suspected of possessing or using marijuana has a registry identification card, detection of marijuana by the sense of smell, or by other senses, provides probable cause to believe that the crime of unlawful possession of marijuana has been committed." Id. at 303. Defendant had no such registry identification card.[2]

The trial court's denial of defendant's suppression motion is supported by substantial credible evidence in the record and in accordance with applicable legal principles. Accordingly, we affirm defendant's convictions for second-degree possession of a

---

[2]  We further note that defendant was in possession of more than one pound of marijuana. CUMMA limits the amount of marijuana to be dispensed to a registered qualifying patient to only two ounces per month. N.J.S.A. 24:6I-10.

firearm during a drug offense and third-degree possession with intent to distribute marijuana.

## III.

We next consider whether defendant's sentence was illegal or an abuse of discretion. The recommended sentence for the second-degree possession of a firearm during a drug offense was a five-year prison term, subject to a three-year period of parole eligibility required by the Graves Act, N.J.S.A. 2C:43-6. The recommended sentence for the third-degree possession with intent to distribute marijuana was a consecutive flat three-year prison term. At sentencing, the prosecutor reiterated the recommended sentence as stated in the plea agreement.

A sentence imposed that conforms to a defendant's plea bargain is presumed reasonable. State v. Pillot, 115 N.J. 558, 566 (1989) (citing State v. Sainz, 107 N.J. 283, 294 (1987)). Unless the appeal raises a question of law, we review a sentence imposed pursuant to a plea bargain for an abuse of discretion. Sainz, supra, 107 N.J. at 292.

Contrary to his statement that he was sentencing defendant "in accordance with the plea agreement[,]" the sentencing judge did not impose the recommended sentence on count three. Instead, he imposed a concurrent five-year term with a three-year parole

15

ineligibility. The State concedes that defendant's sentence is illegal and violates the terms of the plea agreement. We agree.[3]

The three-year period of parole ineligibility on count three was illegal. A parole ineligibility period shall not exceed one-half of the prison term imposed. N.J.S.A. 2C:43-6(b). In addition, the parole ineligibility period shall only be imposed "where the court is clearly convinced that the aggravating factors substantially outweigh the mitigating factors . . . ." Ibid. Here, the judge did not make that finding. Instead, he found that the aggravating factors outweighed the non-existent mitigating factors.

The judge also ruled that the sentence on count three would run concurrently to count two. That too was error. Convictions for possession of a firearm during a drug offense "shall be ordered to be served consecutively to that imposed for any conviction for a violation of any of the sections of chapter 35 . . . ." N.J.S.A. 2C:39-4.1(d).

---

[3] We recognize that these errors may have resulted from the lack of clarity of paragraph 13 of the plea form, which was compounded by the extremely cryptic nature of the State's sentencing argument with regard to the recommended sentence for count three, and the mandatory consecutive sentencing requirements imposed by N.J.S.A. 2C:39-4.1(d). We further note that the sentencing judge did not conduct the plea hearing.

Given these errors, we remand for the trial court to resentence defendant to a five-year prison term, subject to a three-year period of parole ineligibility on count two, to run consecutively to a three-year flat prison term on count three.

Defendant also argues that the trial court failed to recognize its ability to impose a lower sentence than recommended by the plea agreement. Defendant did not argue at sentencing for a sentence lower than recommended by the plea agreement. In particular, defendant did not argue or apply for a waiver of the mandatory minimum sentence imposed on count two.

Defendant further argues that the trial court could have downgraded count two for sentencing purposes to be sentenced as a third-degree offense pursuant to N.J.S.A. 2C:44-1(f)(1). This argument was also not raised below. Indeed, other than asking for a six-month delayed reporting date, defendant did not argue that any mitigating factors applied, let alone that the mitigating factors substantially outweighed the aggravating factors. Nor did defendant argue that the interests of justice required a downgrade for sentencing purposes.

We decline to consider these arguments raised for the first time on appeal. To the extent that defendant may claim that the failure to present these arguments resulted from ineffective assistance of counsel, he can raise those arguments in a timely

17

filed petition for post-conviction relief. See State v. Preciose, 129 N.J. 451, 460 (1992) (recognizing the "general policy against entertaining ineffective-assistance-of-counsel claims on direct appeal because such claims involve allegations and evidence that lie outside the trial record"); see also State v. McDonald, 211 N.J. 4, 30 (2012). Defendant may also file for relief under Rule 3:21-10(b)(2) after his mandatory parole ineligibility term has been served. See Pressler & Verniero, Current N.J. Court Rules, comment on R. 3:21-10(b) (citing State v. Mendel, 212 N.J. Super. 110, 113 (App. Div. 1986) (holding that "when defendant is serving a sentence required by the Graves Act he may not make an application under R. 3:21-10(b)")). We express no opinion as to the likelihood of success of any such future applications.

## IV.

Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

In summary, we affirm defendant's convictions, vacate the sentence, and remand for the trial court to resentence defendant to a five-year prison term, subject to a three-year period of parole ineligibility on count two, to run consecutively to a flat three-year prison term on count three in accordance with this opinion.

Affirmed in part, vacated and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4922-15T4